**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION FUND
ANNUITY PLAN;

EIGHTH DISTRICT ELECTRICAL BENEFIT FUND;

SUSAN KING, as Chair of the Delinquency Committee for the
Eighth District Electrical Pension Fund, Eighth District Electrical
Pension Fund Annuity Plan, and Eighth District Electrical Benefit Fund;

NATIONAL ELECTRICAL BENEFIT FUND;

DENVER ELECTRICAL JOINT APPRENTICESHIP AND
TRAINING TRUST FUND;

ROCKY MOUNTAIN CHAPTER, NECA;

NATIONAL LABOR-MANAGEMENT COOPERATION FUND;

DENVER JOINT INDUSTRY PROMOTIONAL FUND; and

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL UNION NO. 68.

      Plaintiffs,
v.

WATTS ELECTRIC, LLC d/b/a WATTS GREEN ELECTRIC; and

BRIAN WATTS,

      Defendants.

_____

**COMPLAINT**
_____

Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendants Watts Electric, LLC, doing business as Watts Green Electric, and Brian Watts ("Defendants"), state, allege, and aver as follows:

## NATURE OF THE CASE

1. This Complaint brings an action to collect delinquent fringe benefit contributions from Defendants that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreements (hereinafter "CBAs") with Plaintiff International Brotherhood of Electrical Workers Local Union No. 68 (hereinafter "Local 68"). This action also seeks to collect membership dues from Defendants due and owing Plaintiff Local 68, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the CBAs, and to collect other contributions and/or payroll deductions due and owing Plaintiffs under the CBAs and a payment agreement executed by Defendants on July 12, 2019 (hereinafter "Payment Agreement").

## PARTIES

2. Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Eighth District Electrical Pension Fund Annuity Plan (hereinafter "Annuity Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Annuity Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §1132(d).

4. Plaintiff Eighth District Electrical Benefit Fund (hereinafter "Benefit Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3), and is administered in Colorado, with its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Benefit Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Susan King (hereinafter "King") is a proper party to this action based on her official capacity and fiduciary duties to Plaintiffs Pension Fund, Annuity Plan and Benefit Fund, including the collection of contributions owed to Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund.

6. Plaintiff National Electrical Benefit Fund (hereinafter "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland. Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

7. Plaintiff Denver Electrical Joint Apprenticeship and Training Trust Fund (hereinafter "JATC") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration for collection purposes at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

8. Plaintiffs Pension Fund, Annuity Plan, Benefit Fund, JATC, and NEBF (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37) and have been established and are maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. Plaintiff Rocky Mountain Chapter, NECA (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") as authorized by CBAs with Plaintiff Local 68. Plaintiff NECA maintains its principal office at 495 Uinta Way, Suite 240, Denver, Colorado. Plaintiff NECA is a legal entity that may sue or be sued.

10. Plaintiff National Labor-Management Cooperation Fund (hereinafter "NLMCF") is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a), and Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff NLMCF. Plaintiff NLMCF is a legal entity that may sue or be sued.

11. Plaintiff Denver Joint Industry Promotional Fund (hereinafter "DJIPF") is a local labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a) and Section 302(c)(9) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff DJIPF. Plaintiff DJIPF is a legal entity that may sue or be sued.

12. Plaintiff Local 68 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and maintains its principal office at 5660 Logan Street, Denver, Colorado. Plaintiff Local 68 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §185(b).

13. Defendant Watts Electric, LLC, doing business as Watts Green Electric, (hereinafter "Watts Electric" or "Defendant Watts Electric"), is a limited liability company

organized and existing under the laws of the State of Colorado; and is an employer within the meaning of 29 U.S.C. § 1002(5).

14. Defendant Brian Watts ("hereinafter "Watts" or "Defendant Watts"), is an individual who resides in the State of Colorado and is an owner of Defendant Watts Electric.

## JURISDICTION

15. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a). Further, Defendants have consented in the Payment Agreement to the jurisdiction of the United States District Court for the District of Colorado.

16. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund are administered in the State of Colorado, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Colorado. Further, Defendants have consented in the Payment Agreement to venue in the United States District Court for the District of Colorado.

## CAUSES OF ACTION

### COUNT I: BREACH OF PAYMENT AGREEMENT
### FOR DELINQUENT CONTRIBUTIONS

17. Plaintiffs hereby incorporate by this reference paragraphs 1 through 16 above as if set forth fully herein.

18. Defendant Watts Electric is a party to one or more CBAs with Plaintiff Local 68 through a Letter of Assent, and the CBAs govern the terms and conditions of employment of all employees of Defendant Watts Electric performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

19. At all times relevant to this action, Defendant Watts Electric has employed individuals who have performed work covered by the CBAs with Local 68.

20. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 68 and Defendant.

21. Among other duties imposed upon Defendant Watts Electric under the CBAs, Defendant Watts Electric is required to make contributions and/or payroll deductions in the sums and at the rates set forth in the CBAs and/or Trust Agreements. The contributions and payroll deductions are then to be forwarded to Plaintiffs.

22. Defendant Watts Electric failed to make all required contributions and forward all required payroll deductions as required by the CBAs with Local 68 and Trust Agreements for the months of April 2018 through and including the month of March 2019.

23. On or about July 12, 2019, as a result of Defendant Watts Electric's failure to make all required contributions for April 2018 through March 2019, Defendants entered into a Payment Agreement with Plaintiffs. In the Payment Agreement, Defendants agreed to pay to Plaintiffs the sum of Thirty-Four Thousand Four Hundred Sixty-Three Dollars and Thirty-One Cents ($34,463.31) for delinquent contributions, interest, and attorneys' fees due and owing pursuant to CBAs with Plaintiff Local 68 and Trust Agreements. A true and accurate copy of the Payment Agreement is incorporated herein by reference and attached hereto as **Exhibit A**.

24. Pursuant to the Payment Agreement, Defendants promised to make payments to Plaintiffs in bi-weekly installments, commencing July 12, 2019 with the final payment due on

April 1, 2022. Defendants were obligated to make seventy-two (72) bi-weekly payments to Plaintiffs in the amounts and on the dates set forth in the Amortization Schedule that is incorporated into, attached to, and is part of the Payment Agreement.

25. Defendants have failed to pay as agreed in the Payment Agreement, and are in default and breach of the Payment Agreement, having failed to make any payment pursuant to the Payment Agreement on November 13, 2020, November 27, 2020, December 11, 2020, December 25, 2020, January 22, 2021 and February 5, 2021.

26. As a result of Defendants' default under the terms of the Payment Agreement, on February 3, 2021 the Plaintiffs provided Defendants notice of the default and an opportunity to cure the default as provided for in the Payment Agreement, but Defendants have failed to cure the default and therefore Plaintiffs exercised their option to accelerate the balance due under the Payment Agreement and pursue legal action. A true and accurate copy of the Notice of Default is incorporated herein by reference and attached hereto as **Exhibit B**.

27. Pursuant to the Payment Agreement, Defendant Watts agreed to be individually liable and responsible for the payment of all amounts due under the Payment Agreement and all contributions and other amounts accruing before the Payment Agreement is paid in full. Defendants agreed to be jointly and severally liable and responsible for the payment obligations in the Payment Agreement.

28. After Plaintiffs have accounted for all credits and payments, Defendants remain jointly and severally liable, and indebted to Plaintiffs under the Payment Agreement in the sum of Twenty Thousand Five Hundred Ninety-Six Dollars and Three Cents ($20,596.03) including liquidated damages as provided for in paragraph 1.4(b) of the Payment Agreement, pre-agreement

interest at the contract rate of prime plus two percent (2%), and additional interest accrued at the contract rate of prime plus two percent (2%) through February 15, 2021. Interest continues to accrue.

29. Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendants' failure to pay contributions pursuant to the CBAs, Trust Agreements, and Payment Agreement. Plaintiffs are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, Payment Agreement, and by law.

### COUNT II: DELINQUENT CONTRIBUTIONS ARISING AFTER THE PAYMENT AGREEMENT

30. Plaintiffs hereby incorporate by this reference paragraphs 1 through 29 above as if set forth fully herein.

31. Among other duties imposed under the CBAs, Defendant Watts Electric is required to make contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to employees of contractors, such as Defendant Watts Electric, who are signatory to the CBAs with Plaintiff Local 68.

32. Defendant Watts Electric is obligated under the CBAs and Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds. Defendant Watts Electric is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant Watts Electric's employees at the rates established for Plaintiff Funds in the CBAs and incorporated documents.

33. The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

34. Pursuant to the Payment Agreement, and in addition to payment of past-due amounts as alleged above in Count I, Defendant Watts Electric agreed to keep current in its obligations to Plaintiffs for the duration of the Payment Agreement, including submitting payroll reports and paying employer contributions in a timely manner as the reports and contributions become due on the 15th of the month after the covered work has been done (hereinafter "Current Contributions").

35. In the Payment Agreement, Defendant Watts agreed to be individually liable and responsible for payment of Current Contributions, in addition to Defendant Watts' individual liability for payment of past-due amounts as alleged above in Count I. Defendants agreed to be jointly and severally liable for these contributions and payroll deductions.

36. Defendant Watts Electric has failed to make contributions to Plaintiff Funds for the hours of covered work performed by its employees under the CBAs during the months of November 2020 and December 2020, and continuing to date. Defendant Watts Electric has failed to submit reports to Plaintiffs for work performed in January 2021. As a result, Defendant Watts Electric has breached the CBAs and Trust Agreements, both Defendants have breached the Payment Agreement, and Defendant Watts Electric has breached its obligations under ERISA, 29 U.S.C. § 1145.

37. Defendants are jointly and severally liable to Plaintiff Funds for delinquent contributions under the CBAs and Trust Agreements in the amount of Seven Thousand Two Hundred Thirty-Three Dollars and Fifty-Two Cents ($7,233.52) for the months of November 2020 and December 2020. Defendants are also jointly and severally liable in an amount, presently unknown but to be determined in this action, for contributions due and owing for hours of

unreported covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed. This is in addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

38. The CBAs, Trust Agreements, and ERISA provide remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

39. Pursuant to the CBAs and Trust Agreements incorporated therein, as well as the Payment Agreement, Defendants are jointly and severally liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Plan, and JATC for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions. Accordingly, Defendants are jointly and severally liable to Plaintiff Funds for liquidated damages in the amount of Seven Hundred Sixty-Eight Dollars and Twenty Cents ($768.20) assessed upon Defendant Watts Electric's untimely and/or unpaid contributions for the months of November 2020 and December 2020. Defendants are also jointly and severally liable to Plaintiff Funds in an amount, presently unknown, but to be determined in this action, for liquidated damages to be assessed upon untimely and outstanding contributions owing for the unreported hours of covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or make contributions during the pendency of this action, and for which discovery may be

conducted to determine the amount owed. This is in addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

40. Pursuant to the CBAs and Trust Agreements incorporated therein, as well as the Payment Agreement, Defendants are jointly and severally liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Fund, and JATC for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and/or unpaid contributions. Accordingly, as of February 15, 2021, Defendants are jointly and severally liable to Plaintiff Funds in the amount of Sixty-Seven Dollars and Twenty-Seven Cents ($67.27) for interest accrued upon Defendant Watts Electric's untimely and/or unpaid contributions for the months of November 2020 and December 2020. Defendants are also jointly and severally liable to Plaintiff Funds in an amount, presently unknown, but to be determined in this action, for interest accrued on the untimely and unpaid contributions owing for the unreported hours of covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed. Interest continues to accrue. This is in addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

41. Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendants' failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, Payment Agreement, and by law.

42. The CBAs with Plaintiff Local 68 require that Defendant Watts Electric make contributions to Plaintiff NECA for the AMF and based upon gross wages paid to employees at the rates specified in the CBAs with Plaintiff Local 68.

43. The CBAs require that Defendant Watts Electric transmit the contributions to Plaintiff NECA for AMF at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent.

44. Defendant Watts Electric has failed to contribute to the AMF for work performed during November 2020 and December 2020. As a result, Defendant Watts Electric has breached the CBAs, and both Defendants have breached the Payment Agreement, and Defendants are jointly and severally liable to Plaintiff NECA for delinquent contributions in the amount of Eighty-Nine Dollars and Seventy Cents ($89.70). Defendants are also jointly and severally liable in an amount, presently unknown but to be determined in this action, for contributions and NECA dues due and owing for hours of unreported covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or pay contributions and NECA dues during the pendency of this action, and for which discovery may be conducted to determine the amount owed. This is in addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

45. The CBAs with Plaintiff Local 68 require that Defendant Watts Electric make contributions to Plaintiff NLMCF based upon payroll hours worked at the rates specified in the CBAs with Plaintiff Local 68. Plaintiff NECA serves as collection agent for Plaintiff NLMCF.

46. The CBAs require Defendant Watts Electric to transmit the contributions for Plaintiff NLMCF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff NLMCF, pursuant to the CBAs and Payment Agreement, Defendants are jointly and severally liable to Plaintiff NLMCF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

47. Defendant Watts Electric has failed to contribute to Plaintiff NLMCF for work performed during November 2020 and December 2020. As a result, Defendant Watts Electric has breached the CBAs, both Defendants have breached the Payment Agreement, and Defendants are jointly and severally liable to Plaintiff NLMCF for delinquent contributions in the amount of Four Dollars and Sixty-Four Cents ($4.64) and liquidated damages at in the amount of Sixty Dollars ($40.00). Interest is currently negligible but continues to accrue. Defendants are also jointly and severally liable in an amount, presently unknown but to be determined in this action, for contributions, liquidated damages, and interest to Plaintiff NLMCF due and owing for hours of unreported covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed. This is in addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

48. The CBAs with Plaintiff Local 68 require that Defendant Watts Electric make contributions to Plaintiff DJIPF based upon payroll hours worked at the rates specified in the CBAs. Plaintiff NECA serves as collection agent for Plaintiff DJIPF.

49. The CBAs require Defendant Watts Electric to transmit the contributions for Plaintiff DJIPF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff DJIPF, pursuant to the CBAs and Payment Agreement, Defendants are jointly and severally liable to Plaintiff DJIPF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

50. Defendant Watts Electric has failed to contribute to Plaintiff DJIPF for work performed during November 2020 and December 2020. As a result, Defendant Watts Electric has breached the CBAs, both Defendants have breached the Payment Agreement, and Defendants are jointly and severally liable to Plaintiff DJIPF for delinquent contributions in the amount of Forty-Two Dollars and Eighty Cents ($42.80), liquidated damages at in the amount of Forty Dollars ($40.00), and interest in the amount of Sixty-Two Cents ($0.62) through February 15, 2021. Interest continues to accrue. Defendants are also jointly and severally liable in an amount, presently unknown but to be determined in this action, for contributions, liquidated damages, and interest to Plaintiff DJIPF due and owing for hours of unreported covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed. This is in

addition to Defendants' liability for past-due amounts under the Payment Agreement as alleged in Count I above.

51.     The CBAs require that Defendant Watts Electric deduct work assessments from the wages of all covered employees based upon each payroll hour worked by such employees. The work assessments are to be deducted in accordance with the terms of an individual and written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

52.     The terms of the dues authorizations and CBAs require Defendant Watts Electric to transmit the work assessments deducted from the wages of the covered employees to Plaintiff Local 68 at the end of each month. Dues transmittals not made by the 15th of the following month are deemed delinquent.

53.     Defendant Watts Electric has failed to transmit to Plaintiff Local 68 work assessments deducted from the wages of covered employees for work performed during November 2020 and December 2020.  As a result, Defendant Watts Electric is in breach of the CBAs and each individual dues authorization, both Defendants have breached the Payment Agreement, and Defendants are jointly and severally liable to Plaintiff Local 68 for delinquent dues transmittals in the amount of Four Hundred Thirty Dollars and Ninety-One Cents ($430.91). Defendants are also jointly and severally liable in an amount, presently unknown but to be determined in this action, for delinquent work assessments to Plaintiff Local 68 due and owing for hours of unreported covered work performed by Defendant Watts Electric's employees in January 2021 and such additional future months for which Defendant Watts Electric fails to transmit work assessments during the pendency of this action, and for which discovery may be conducted to determine the

amount owed. This is in addition to Defendants' liability under the Payment Agreement for past-due amounts as alleged in Count I above.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendants are jointly and severally liable to Plaintiffs and entering judgment against Defendants and in favor of Plaintiffs accordingly;

(2) Under Count I, finding that Defendants are jointly and severally liable to Plaintiffs in the amount of Twenty Thousand Five Hundred-Ninety Six Dollars and Three Cents ($20,596.03) plus interest accruing after February 15, 2021, pursuant to the Payment Agreement;

(3) Under Count II, finding that Defendants are jointly and severally liable to Plaintiffs for delinquent contributions, payroll deductions, liquidated damages, interest, and for delinquent work assessments for the months of November 2020 and December 2020 in the amount of Eight Thousand Seven Hundred Seventeen Dollars and Sixty-Six Cents ($8,717.66) plus interest accruing after February 15, 2021;

(4) Ordering Defendants to pay any and all amounts that are determined due and owing for work performed in January 2021 and subsequent months after the filing of this action for which Defendants fail to submit reports, contributions, and work assessments, plus liquidated damages, interest, and other damages as may be determined to be due as of the date judgment is entered;

(5) Ordering Defendant Watts Electric to submit timely contributions and reports to the Plaintiffs as they become due;

(6) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions, liquidated damages, and/or interest found to be due and owing to Plaintiffs; and

(7) Granting Plaintiffs such other relief that the Court deems just and proper.

Respectfully submitted,
**BLAKE & UHLIG**

 s/ Eric C. Beckemeier
Eric C. Beckemeier
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone:     (913) 321-8884
Facsimile:     (913) 321-2396
ECB@blake-uhlig.com
*Attorneys for Plaintiffs*

Dated: March 2, 2021